IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID KRONENBERG,              )
                               )
        Plaintiff,              )
                               )
    v.                          )
                               )
BAKER & MCKENZIE LLP and        )
JAMES O'BRIEN,                  )
                               )    No. 09 C 4137
        Defendants.             )
                               )
                               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Kronenberg, an attorney, brought suit against his former employer Baker & McKenzie LLP ("Baker"), a law firm, and James O'Brien ("O'Brien"), a partner at Baker and plaintiff's supervisor at all relevant times. The complaint alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq.* (Counts I and II), state law claims of retaliatory discharge (Count III), defamation (Counts IV and V), negligence(Count VI), breach of contract (Count VII), tortious interference with contract (Count VIII), promissory estoppel (Count IX), tortious interference with prospective economic advantage (Count X), and interference with the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count XI). Defendants move to dismiss the last nine counts (Counts III-XI).

Plaintiff concedes that his retaliatory discharge claim (Count III) should be dismissed, but defends the remaining counts. For

the following reasons, defendants' motion is granted.

I.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, not its merits. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In resolving a Rule 12(b)(6) motion, I must accept all well-pleaded allegations in the complaint as true, and must draw all reasonable inferences in favor of the non-moving party. *See, e.g., McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Accordingly, for purposes of the pending motion I accept the truth of following alleged facts, which are found in the amended complaint.

II.

Plaintiff has a chronic degenerative spinal disk disease, for which he had surgery in 1998. The surgery was successful in that between 1999 and 2006 plaintiff suffered only relatively minor symptoms. Baker hired plaintiff as an associate attorney in September of 2004. When plaintiff's symptoms worsened in the spring of 2006, he asked O'Brien several times to meet with him to discuss medical leave or disability accommodation. O'Brien failed to respond to these requests.

Plaintiff gave Baker a formal written request for medical leave under the FMLA and a request for a reduced workload as an accommodation for his disability. The FMLA request was granted,

2

effective August 23, 2006, and Baker promised in writing to restore plaintiff to his position at the end of his leave, to find him an equivalent position, or to reconsider plaintiff's request for accommodation if the circumstances required.

At the end of plaintiff's FMLA leave, Baker converted his status from FMLA leave to indefinite general administrative leave. Thereafter, between December 2006 and March 2007, plaintiff continued to request a reasonable accommodation in the form of a part-time position and reinstatement, but was eventually informed that no part-time positions were available. The parties held a teleconference in April of 2007 to discuss plaintiff's situation, at the conclusion of which plaintiff was invited to submit a written proposal. In his proposal, plaintiff requested a modified work structure including half-time employment at one-half his prior salary, a telecommuting arrangement similar to that of other Baker employees, and some ergonomic furniture for plaintiff's office when he was required to be there. Baker did not respond to this proposal, and instead informed plaintiff on June 15, 2007, that he would be terminated. Plaintiff made one last request for accommodation on July 19, 2007, to which Baker did not respond. Plaintiff was terminated on July 31, 2007.

While employed at Baker, plaintiff received two performance reviews. In his first year performance review, compiled with input from several senior attorneys sometime between July 2005 and

September 2005, plaintiff received no less than "consistently meets expectations" in each category reviewed. Plaintiff's second performance review was less favorable and issued while plaintiff was on leave, without his participation or knowledge. The review stated that plaintiff "lacked core legal expertise" and otherwise impugned his professional abilities. The review was published internally at Baker and externally to the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") during the course of investigations into claims filed with those agencies by plaintiff against Baker.

III.

The first disputed counts are those alleging defamation against O'Brien and Baker as a result of a 2006 performance evaluation, for which O'Brien was the lead evaluator (Counts IV and V). A statement is defamatory if it tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person. *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 839 (Ill. 2006). A statement is defamatory *per se* if its harm is obvious and apparent on its face. *Owen v. Carr*, 497 N.E.2d 1145, 1147 (1986). Illinois recognizes five categories of statements which are considered *per se* actionable because they are "so obviously and materially harmful" to a plaintiff that his injury may be presumed. *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill.

4

2006). Plaintiff alleges that two such categories are pertinent to his *per se* defamation claims,[1] namely: 1) statements imputing an inability to discharge one's duties of office or employment; and 2) statements that prejudice a party, or impute lack of ability, in his or her trade, profession or business. *See id.*

The complaint states that O'Brien made false and defamatory statements about plaintiff's professional competence in his 2006 review, including a statement that he "lacked core legal expertise." Defendants then published the review internally at Baker.[2] *Anderson v. Beach*, 897 N.E.2d 361, 365-8 (Ill. App. Ct. 2008)(an internal publication in abuse of privilege can be actionable). Although not filed with the complaint, the 2006 review is attached to defendants' motion and both parties use it as support for their respective positions. *See Venture Assocs. Corp.*

---

[1] Defendants argue in a footnote to their motion that plaintiff does not allege extrinsic facts or specific damages necessary to state a claim for *per quod* defamation. (*See* Defs.' Mot. 6, n.8.) Accordingly, only *per se* defamation is addressed in their supporting memorandum. Plaintiff did not dispute this assessment in his response brief. Rather, after defendants' reply was filed, plaintiff filed a nine page sur-reply, in which he suggests the complaint does state a claim for defamation *per quod* after all. (Pl.'s Sur-Rep. 8-9.) This argument is waived. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007)(failure to oppose is a waiver).

[2] The complaint also alleges defamation based on publication of plaintiff's review to the IDHR and EEOC. But those publications are absolutely privileged and therefore, not actionable. *Zhan v. County of Cook*, 2004 WL 2966953, at * 4 (N.D.Ill. November 23, 2004)(statements made during EEOC and IDHR "quasi-judicial proceedings" are absolutely privileged).

5

*v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)(documents outside pleadings may be considered if referenced in complaint, central to plaintiff's claim, and attached to defendant's motion to dismiss).

The evaluation covers various broad categories for review, including "Legal Knowledge and Expertise," "Business Development," "Client Service," "Matter Management," and "People Management." Each category consists of several subcategories (*e.g.,* for "Legal Knowledge and Expertise" the subcategories are "Core Legal Expertise", "Specialist Legal Expertise", "Knowledge Management") for which O'Brien marked one of the following five canned responses: 1) consistently exceeds all expectations, 2) fully meets and exceeds some expectations, 3) meets some expectations but needs further development in some areas, 4) does not meet expectations, or 5) not applicable. Unlike his first review, plaintiff received only "does not meet expectations" or "meets some expectations" ratings the second time. O'Brien was provided with an opportunity to include personal comments at the end of each broad category, and final remarks in the "Evaluation Summary" section along with an overall rating. In the summary portion of the 2006 review, O'Brien remarked that "David is knowledgeable about environmental law and matters," but gave him an overall "does not meet expectations" rating. O'Brien also wrote comments for each category section.

Defendants argue that O'Brien's comments (both category rating

6

choices and written comments) are merely expressions of opinion, which are protected and not actionable. *See Giant Screen Sports v. Canadian Imperial Bank*, 553 F.3d 527, 534-35 (7th Cir. 2009)(expressions of opinion are protected as long the opinion cannot be reasonably interpreted as stating an actual fact.) To determine whether a statement is factual (and therefore actionable) or opinion (and protected), courts look at a variety of factors, which include the statement's precision, its verifiability, and context. *Id*. Whether a statement is fact or opinion can be resolved as a question of law. *Id*.

O'Brien's various category and summary ratings of "meets some expectations" or "does not meet expectations" are not facts capable of reasonable interpretation or objective verification and therefore, are protected opinion. *See e.g., Hopewell v. Vitullo*, 701 N.E.2d 99, 104 (Ill.App.Ct. 1998)(the statement "fired because of incompetence" found protectable opinion because the meaning of incompetence is broad, conclusory, and subjective). Plaintiff argues that even if the category ratings are opinions, the review also contains defamatory statements written expressly by O'Brien in the various "comments" sections of the review. He points in particular to the following remarks: "has difficulty working with others to whom he reports", "has not allowed proper supervision of the matters on which he is working", "has failed to work together with other attorneys in the practice group", "has not put forward

7

effort to work together as a team player." (Pl.'s Resp. 6, n.3.) While these statements are clearly unflattering, plaintiff does not explain how any of them could be objectively verified. *See Sullivan v. Conway*, 157 F.3d 1092, 1097 (7th Cir. 1998)("he is a poor lawyer" found too vague for a jury to test the defense of truth, but "he is a dishonest lawyer" would be actionable because it is specific); *Solaia Tech.*, 852 N.E.2d at 841 (phrase "deeply greedy people" clearly impugned plaintiffs' integrity, but has no precise meaning and was therefore found to be protected opinion). Accordingly, Counts IV and V are dismissed.[3]

Count VI alleges Baker negligently failed to investigate the truth or falsity of the allegedly defamatory statements made by O'Brien in plaintiff's 2006 evaluation. Defendants argue that this count fails because Illinois law does not impose a duty on employers to investigate such statements. *See e.g., Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046, 1050 ("Illinois courts do not recognize a cause of action for negligent investigation in at-will employment relationships."). The only authority cited by plaintiff in opposition to dismissal is an unpublished Seventh Circuit case

---

[3] The review also contains a few statements that are arguably verifiable and capable of reasonable interpretation, although not clearly defamatory on their face (*e.g.*, statements that plaintiff did not submit time sheets on time, that he did not attend a conference, and that he did not submit a professional profile for the firm website). (Defs.' Mot. Ex. 4.) Plaintiff does not mention or rely on these statements in his brief.

8

discussing whether a failure to investigate the truth of a statement establishes a defendant's actual malice in the context of proper jury instructions on defamation and the defense of qualified privilege. (*See* Pl.'s Resp. 9, n.4.)  It does not support plaintiff's position that employers have a duty to investigate allegedly defamatory statements prior to publication or termination, and that breach of such a duty is the proper basis of a negligence claim in Illinois.  Accordingly, plaintiff's negligence claim is dismissed.

Defendants next move to dismiss Count VII, which purports to state a claim for breach of contract.  The complaint alleges that plaintiff's at-will employment contract was "modified" by a written offer to reinstate plaintiff to his former position or an equivalent position, or to make a good faith effort to do so, upon his return from FMLA leave.[4]  The parties appear to agree that the written "modification" at issue is contained in Baker's letter to plaintiff informing him that his leave would be considered FMLA leave.  (*See* Defs.' Mot. Ex. 3; Pl.'s Resp. 2, 13.); *see also Venture Assocs.*, 987 F.2d at 431.  The letter also purports to relay information regarding the parties' respective rights and obligations under the FMLA, including Baker's offer to reinstate

---

[4] The complaint also references an offer to reconsider a reasonable accommodation for plaintiff at the expiration of his FMLA leave as a basis for breach of contract.  Plaintiff waived this position by failing to respond to defendants' motion on this point.  *Wojtas*, 477 F.3d at 926 (failure to oppose is a waiver).

9

plaintiff upon his return from leave.

Although plaintiff was not required to plead all the elements of his breach of contract claim, he was required to include allegations that show "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Putting aside the complaint's failure to include any essential terms of the "contract" except for Baker's obligation to reinstate plaintiff, this claim fails because plaintiff does not allege he was available for reinstatement to his previous position, or an equivalent position - a clear condition precedent to Baker's obligation to reinstate him under the FMLA. *See e.g.*, 29 C.F.R. §§ 825.216(c), 825.702(c)(3-4)(if an employee is unable to perform an essential function of his previous position because of a physical condition, he has no right to restoration under the FMLA; part-time positions are not considered equivalent to full-time positions). Moreover, the complaint alleges that once his physical condition worsened necessitating FMLA leave, plaintiff sought only reinstatement to part-time work. There are no allegations suggesting he was capable and/or desiring of full-time work at any time during or after his FMLA leave expired. (Compl. ¶¶ 9, 11, 19, 25-6, 36-42, 48; Defs.' Resp. Ex. 5.) Accordingly, Count VII is dismissed.

The complaint also includes a promissory estoppel claim[5] based on the same written "promises" in Baker's FMLA advisory letter at issue in his breach of contract claim and on Baker's alleged promise to reconsider its denial of plaintiff's requested accommodation upon his return from leave. These promises were contained in separate letters, referenced in the complaint and attached to defendants' motion. (Defs.' Mot. Exs. 2, 3.);(*See* Pl.'s Resp. at 2.)(approving consideration of the documents attached to defendants' motion); *see also Venture Assocs.*, 987 F.2d at 431. The letter communicating Baker's offer to reconsider plaintiff's accommodation request states in relevant part:

> Please be advised that the Chicago Office denies your request for part-time status pursuant to the Chicago Office Career Options Policy upon your return from a leave of absence. We will be willing to reconsider your request at the end of your leave in the event that the needs of the Chicago Office Banking, Finance and Major Project practice group should change.

(Defs.' Mot. Ex. 2.) Defendants argue that the alleged promises to reinstate and reconsider accommodation contained language that was couched in discretionary language routinely held not to confer contractual rights or obligations under Illinois law. (Defs.' Resp. 11, 13.) Plaintiff fails to respond to this argument stating only that the complaint "alleges unambiguous promises." (*See* Pl.'s

---

[5] The elements of a promissory estoppel claim are: (1) an unambiguous promise, (2) upon which plaintiff relied to his detriment, (3) in a way that was expected and foreseeable. *See Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990).

11

Resp. 15.) Accordingly, his argument is waived. *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009)(undeveloped and unsupported arguments need not be considered). Moreover, with regard to the alleged promise by Baker to reinstate, plaintiff's claim also fails because plaintiff was never available for the full-time reinstatement "promised," making any reliance on his part patently unreasonable. Accordingly, Count IX is dismissed.

Count VIII alleges that O'Brien tortiously interfered with Baker's "promises" to reinstate plaintiff to his former position, and equivalent position, or to make a good faith effort to do so, and to consider a reasonable accommodation for plaintiff at the expiration of his FMLA leave. Defendants argue these promises do not amount to a valid and enforceable contract, and even if they did, O'Brien was a party to the contract since he is a partner at Baker. *Stanford v. Kraft Foods, Inc.*, 88 F. Supp. 2d 854, 857 (N.D. Ill. 1999)("[A] party cannot 'interfere' with its own contract."); *Beesen-Dwars v. Morris*, No. 06 C 5593, 2007 WL 2128348, at *10 (N.D. Ill. July 24, 2007)(same, in partnership context). Aside from the contract issues touched on previously with regard to Count VII, this claim fails because plaintiff has not adequately responded to defendants' argument that O'Brien, a partner at Baker, could not "interfere" with his own contract. (*See* Pl.'s Resp. 15-6.)(arguing that a corporate officer is not identical to his/her corporation for purposes of tortious

interference, citing an unreported Illinois Appellate Court opinion that was withdrawn on a grant of rehearing.); *Mahaffey*, 588 F.3d at 1146 (undeveloped and unsupported arguments need not be considered).

O'Brien's alleged interference is again at issue in Count X - interference with plaintiff's prospective economic advantage in the form of continued employment with O'Brien's firm. Defendants move for dismissal, on the basis that this claim requires allegations of tortious interference directed at a third party. Here, plaintiff's third party allegations are directed only at Baker where O'Brien is a partner, which defendants argue is essentially a claim against Baker itself. *Pekin Ins. Co. v. Estate of Goben*, 707 N.E.2d 1259, 1264 (Ill. App. Ct. 1999)(noting that in Illinois, unlike corporations, partnerships generally have no legal existence separate from their partners). Plaintiff's response consists of the same undeveloped and unsupported argument made with respect to his tortious interference with contract claim (Count VIII). (Pl.'s Resp. 15-6.) Since plaintiff fails to adequately respond to defendants' motion on both interference counts, they are dismissed. *Mahaffey*, 588 F.3d at 1146 (undeveloped and unsupported arguments need not be considered).

With respect to Count XI, the complaint alleges that Baker violated the FMLA when it placed plaintiff on indefinite general leave at the conclusion of his FMLA leave in November 2006 instead

of reinstating him to his previous position. This count fails because plaintiff does not allege Baker refused to reinstate him to his previous full-time position. Rather, the complaint repeatedly states that plaintiff sought a new part-time position for himself because he could not return to full-time work. (*See e.g.,* Compl. ¶¶ 33, 42.) The FMLA only requires employers to restore employees to their previously held position or an equivalent position upon expiration of FMLA leave, namely, a job with the same benefits, pay, and other terms and conditions of employment. *See e.g.,* 29 C.F.R. §§ 825.214, 825.215(e)(2), 825.216(c), and 825.702(c)(2-4).

Additionally, two new theories of FMLA interference are included in plaintiff's response brief. First, he contends that even though Baker granted his FMLA leave request and all twelve weeks of FMLA leave were received, Baker is liable for "interference" because it forced him to take full-time FMLA leave at once. Second, plaintiff contends that Baker was required to inform him of his right to intermittent FMLA leave. According to plaintiff's brief, allegations supporting the first of these new theories are those referencing a written proposal for half-time work submitted more than eight months after his FMLA leave was approved and Baker's decision to consider plaintiff's accommodation request when his FMLA leave expired. (Compl. ¶¶ 33, 42-43.) But that section of the complaint also explains that plaintiff "accepted" Baker's grant of FMLA leave and deferral of the

14

accommodation request, and there is no further mention of reduced schedules until well after expiration of plaintiff's FMLA leave, which, according to the complaint, occurred in November 2006.[6] (*Id*. ¶¶ 5, 34, 36, 144.) These allegations do not state a claim for FMLA interference.

The complaint also lacks allegations that support plaintiff's second new theory - that Baker failed to inform plaintiff of his right to intermittent FMLA leave. Moreover, the authority cited by plaintiff does not suggest Baker had such a duty in the first place. It only explains that intermittent leave "may" be taken depending on the circumstances and that plaintiff can ask for modification of the amount of FMLA leave originally requested. *See* 29 C.F.R. §§ 825.202, 825.311.

Accordingly, plaintiff's FMLA interference claim is dismissed.

---

[6] The complaint also alleges that plaintiff took more than eight additional months of administrative leave offered by Baker after his FMLA leave expired. In light of the more than eleven months of total leave taken, plaintiff does not explain why at least twelve weeks of it could not be considered FMLA leave. *See e.g., de la Rama v. Ill. Dept. of Human Servs.*, 541 F.3d 681 (7th Cir. 2008)(commenting that "in light of the fact that [plaintiff] was permitted to take seventeen weeks of leave - five weeks more than the twelve weeks [her employer] was required to give her under FMLA - we find it difficult to see how [her employer] interfered with her entitlement to leave at all.")

IV.

For the foregoing reasons, defendants' motion is granted. Counts III-XI are dismissed.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Date: March 10, 2010