Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4137 | **DATE** | 10/14/2010 |
| **CASE TITLE** | Kronenberg vs. Baker & McKenzie LLP et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to strike [72] is denied. Defendant's motion to dismiss Count II of the First Amended Complaint [74] is granted. Defendant's motion for leave to amend answer (77) is also granted. Status hearing set for 10/15/10 is reset for 10/21/10 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Count II of plaintiff's first amended complaint ("FAC") alleges a claim for retaliation in violation of the ADA. Defendants move to dismiss the claim on the ground that plaintiff failed to include allegations of retaliation in his IDHR/EEOC charge. The motion is granted.

    In general, "[t]o pursue a claim under the ADA, a plaintiff must file an administrative charge with the EEOC prior to filing a claim in federal court on the same matter." *Hillmann v. City of Chicago*, No. 04 C 6671, 2005 WL 1766367, at *2 (N.D. Ill. July 20, 2005). "A plaintiff, however, may proceed on a claim not explicitly mentioned in his EEOC charge if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge." *Miller v. American Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008). To be "reasonably related," "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001) (citations and quotation marks omitted).

    Since plaintiff's EEOC charge only mentions discrimination, he may assert a retaliation claim in the instant suit only if he is able to show that the retaliation claim in his complaint is "reasonably related" to the discrimination allegations in the charge. This plaintiff has failed to do. As the Seventh Circuit recently reaffirmed, "[n]ormally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864-65 (7th Cir. 2010); *see also O'Rourke v. Continental Cas. Co.*, 983 F.2d

94, 97 (7th Cir. 1993); *Grimes v. Union Planters Bank, N.A.*, No. 1:02-CV-01573-JDT-TA, 2004 WL 2378841, at *5 n.3 (S.D. Ind. Aug. 30, 2004) ("The ADA's retaliation provision, 42 U.S.C. § 12203(a), is entirely distinct from its failure to accommodate provision, 42 U.S.C. § 12112(b)(5)(A).") (Tinder, J.).

The same is true here. The allegations in the charge and the complaint do not allege the same conduct. According to plaintiff, the retaliatory treatment alluded to in the charge is defendant's refusal to provide him with an accommodation for his disability. Significantly, the charge specifically identifies July 31, 2007 as the date on which the failure to accommodate took place. *See* EEOC Charge (Doc. 30-3) at 2. In the first amended complaint, however, plaintiff's retaliation claim alleges that "Baker's treatment of Mr. Kronenberg changed dramatically for the worse from the moment O'Brien and Baker learned that Mr. Kronenberg had a disability and intended to assert his rights under federal law addressing persons with disabilities." FAC ¶ 77. "From then on," the complaint continues, "Baker's conduct toward Mr. Kronenberg was based in retaliation for his having asserted these rights." *Id.* In other words, the FAC alleges retaliatory treatment dating back roughly to December 2006, *see, e.g.*, FAC ¶ 36; the charge, however, fails to reveal the slightest inkling of retaliatory conduct during this period.

My decision in *Butler v. Illinois Dept. of Transp.*, 533 F. Supp. 2d 821 (N.D. Ill. 2008), which each party cites in its favor, is not to the contrary. There, the pro se plaintiff's charge stated that "[t]he reason cited for the suspension was unexcused absences." Since the plaintiff may have been entitled to take time off under the ADA, informing the plaintiff that he was being suspended for taking the time off was (when the allegations were viewed in the light most favorable to him) tantamount to saying that plaintiff was suspended for exercising his rights under the ADA. *Id.* at 825-26. In order to be structurally analogous to Butler's charge, plaintiff's charge here should have alleged, "the reason cited for the termination was plaintiff's request for an accommodation." Such an allegation would indeed have put Baker on notice that plaintiff intended to advance a retaliation claim. But plaintiff's charge alleges nothing of the sort. He claims only that he asked for an accommodation and was not given one. The charge separately mentions that plaintiff was terminated without any explanation, and that, at the time he was terminated, defendant was aware of his disability. But, at most, this suggests merely that plaintiff was fired because of his disability, not that he was fired for asserting entitlements under the ADA. Only by means of the loosest *post hoc, propter hoc* reasoning could one find a claim of retaliation in these allegations.